## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

RONNIE ODELL PARKER, AIS # 162167,:

    Plaintiff,                           :

vs.                                                :        CIVIL ACTION 05-0728-BH-C

JAMES A. COX, et al.,                :

    Defendants.                    :

## **REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.

### I. **Complaint and Affidavit (Docs. 1 & 2)**.

Plaintiff names as defendants Kathryn F. Pickard and James A. Cox, employees of the newspaper Clarke County Democrat; Bobby Moore, Deputy Sheriff of Clarke County, Alabama; and Wayne Brunson, Circuit Court Clerk for Clarke County, Alabama. Plaintiff alleges that defendant Cox allowed defendant Pickard to print false information about plaintiff in the newspaper when an article was printed stating that plaintiff engaged

in sexual intercourse with a nine-year-old girl and that he failed to train and supervise defendant Pickard.  Plaintiff asserts that defendant Pickard failed to investigate his guilty plea in Clarke County Circuit Court, and intentionally disregarded it, and received erroneous information from John Doe, or Mary Doe, or the sheriff's department, or Alabama's website for sex offenders.  Defendant Moore is alleged to be in charge of registering sex offenders and sending information to the State's website.  According to plaintiff, defendant Moore sent false information to the website and to defendant Pickard.  Furthermore, defendant Brunson is purported to "have control over" plaintiff's conviction and sentence and, as such, he provided false information to the "newspaper defendant" or sheriff's department.  "Plaintiff argues that plaintiff never registered saying he engaged in sexual intercourse with a nine year old girl."  (Doc. 2)

Plaintiff sues under numerous constitutional amendments and under the Alabama Constitution.  (Doc. 1)  The relief requested by plaintiff is one million dollars from each defendant and a jury trial.

In response to the complaint form's queries, plaintiff states that he was convicted in 1991of sexual abuse and received a sentence of thirty-five years' imprisonment.  Subsequently, he filed a Rule 32 petition based on newly discovered evidence, "false information," which was denied.  Plaintiff states that the present complaint arose on June 23, 2004.

## II. **Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court reviewed plaintiff's

complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint.  *Jones v. Bock*, ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007).

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

**III. Discussion.**

    **A. Claims Against Defendants Pickard and Cox.**

Plaintiff names employees of the newspaper Clarke County Democrat, Kathryn F. Pickard and James A. Cox, as defendants. They are sued for having printed an article in the newspaper containing allegedly false information.

In order to state a claim against a person in a § 1983 action, the person must act under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664 (1986). However, defendants Pickard and Cox appear to be private parties, and not individuals who act under color of state law. In a rare situation, a private party may act under color of state law, and to determine such, the United States Supreme Court uses three tests:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. . . . The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." . . . The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." . . . The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." . . .

*Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir.) (citations omitted), *cert. denied*, 510 U.S. 976 (1993).

In the present action, plaintiff has not alleged that defendants Cox and Pickard act

4

under color of state law. Specifically, the allegations do not indicate that these newspaper defendants performed a traditional state function, were coerced by the State, or were joint participants with the State in business or for any other reason. Rather, defendants Pickard and Cox are individuals who are employed by a private business and who typically do not act under color of state law. Therefore, considering the identities of defendants Pickard and Cox, plaintiff's § 1983 claims against them are frivolous and they are due to be dismissed from this action.

### B. Claims Against Defendants Moore and Brunson.

#### 1. Defamation Claims.

The tenor of plaintiff's complaint and affidavit makes it clear that this action is one for defamation chiefly against defendants Cox and Pickard. However, plaintiff has attempted to tie in two state officials, defendants Moore and Brunson, but the connection is not very well pleaded. Even though from the allegations directed to defendant Pickard, it appears that plaintiff is not sure where defendant Pickard received her information, as plaintiff states defendant Pickard received the information from John Doe, or Mary Doe, or the sheriff's department, or the State's website. But, on the other hand, plaintiff charges defendant Moore with giving the information to defendant Pickard. And defendant Pickard was not alleged to have received information from defendant Brunson even though defendant Brunson was alleged to have given the false information to the "newspaper defendant" or sheriff's department. These inconsistencies weaken the tie of defendants Moore and Brunson to defendants Pickard and Cox, but at this point in the

action are of no moment

     A defamation action is not actionable under § 1983.  *Siegert v. Gilley*, 500 U.S. 226, 233-34, 111 S.Ct. 1789, 1794 (1991) (finding that "[d]efamation, by itself is a tort actionable under the laws of most States, but not a constitutional deprivation"); *Paul v. Davis*, 424 U.S. 693, 702, 96 S.Ct. 1155, 1161 (1976) (holding that there is "no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment").

     In *Paul*, *supra*, the plaintiff's picture was in a police flyer containing known shoplifters which was circulated to store owners.  Later, the shoplifting charges against plaintiff were dismissed.  Plaintiff sued because he feared that he would be arrested for shoplifting if he entered a store and that his employment opportunities would be impaired in the future, as evidenced by his current employer discussing the flyer with him and warning him that it must not happen again.  The Supreme Court held that plaintiff's defamation claim did not state a claim under § 1983 because there is no liberty or property interest in one's reputation.  *Id.* at 694, 712, 96 S.Ct. at 1157, 1166.

     Then, in the case of *Hunter v. August Richmond County Sheriff's Dept,* 2006 WL 1982937 (S.D. Ga. July 12, 2006) (unpublished), the plaintiff complained that the defendant reported in the newspaper that plaintiff was a registered sex offender who previously had been incarcerated on a rape conviction.  Plaintiff contended this information was false and that defendant disseminated this information through the

6

community. The court found that plaintiff's damages request for injury to reputation failed to allege a physical injury, or imminent threat thereof, to overcome 42 U.S.C. § 1997e(e)'s prohibition that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* at *1. Furthermore, the court held that § 1983 does not recognize an action based on "defamation of character or injury to reputation." *Id.* During screening, the action was dismissed for failure to state a ground upon which § 1983 relief may be granted. *Id.*

Based upon the foregoing reason, the undersigned finds that plaintiff's defamation claims against defendants Moore and Brunson are frivolous as a matter of law.

### 2. Claim for Sending Allegedly False Information to State's Website.

As to the present plaintiff's remaining claim, he alleges defendant Moore sent false information to the State's website for sex offenders. According to the allegations directed to defendant Pickard, the false information is that plaintiff "engaged in sexual intercourse with a nine year old girl." Plaintiff does not offer an explanation as to how the information is false. He merely conclusorily asserts that defendant Pickard's article stating that he engaged in sexual intercourse with a nine-year-old girl is false and defendant Pickard failed to investigate, and should have investigated, his guilty plea. The Court has discovered that this information - he "engaged in sexual intercourse with a nine-year-old female"- appears on Alabama's website for Registry of Criminal Sex Offenders and that plaintiff's offense is identified there as sexual abuse, first degree, two

counts. The website also contains this admonishment: "Due to time delays in processing sex offender data, this information should be verified with the appropriate Sheriff's Office or Chief of Police."

In the complaint plaintiff indicates that he pleaded guilty to sexual abuse in 1991 and then claims that the information that he had sexual intercourse with a nine-year-old girl is false. His conviction/guilty plea and denial of behavior do not logically exclude each other on their face, as would a conviction for sexual abuse and underlying behavior for taking property belonging to someone else. Nonetheless, plaintiff offers no explanation.

The Court's records in plaintiff's prior habeas illuminate plaintiff's allegations.[2] Plaintiff's habeas petition in *Parker v. Thompson,* CA 96-1238-RV-C (S.D. Ala. Aug. 26, 1998), was denied. In the petition plaintiff challenged his guilty plea to sexual abuse, first degree, in Clarke County, Alabama. The report and recommendation's finding of facts reflect:

> 1. Petitioner was indicted by the Clark County, Alabama Grand Jury for Rape, First Degree, in violation of ALA.CODE § 13A-6-61(a)(3)(1975).[3] Petitioner pleaded

---

[2]The Court takes judicial notice of its records. *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981).

[3] "A male commits the crime of rape in the first degree if: . . . (3) He, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old."

guilty to Sexual Abuse in the First Degree,[4] a lesser included offense, on May 13, 1991.  (Exhibit A, record on Appeal in CR-93-1981, pp. 34, 141-42)[5]  Petitioner waived a sentencing hearing and admitted to three prior felony convictions.  He was sentenced to thirty-five years in prison to run concurrent with any other sentence being served.  (*Id.,* pp. 130-43)  No direct appeal was filed, so the time for filing an appeal lapsed on June 24, 1991.  (Doc. 1, p. 2, ¶ 3(e)).

2.  During the hearing in which Petitioner's guilty plea was taken, he expressed his understanding that sexual abuse was a lesser included offense of rape:

> THE COURT:  Mr. Parker, you were indicted by the Grand Jury of Clarke County, Alabama, in Case No. CC-91-68-P on an indictment charging you with rape in the first degree.  And I believe a lesser included offense in that indictment is the criminal charge known as sexual abuse in the first degree.  Do you understand that?
>
> MR PARKER:  Yes, sir.
>
> THE COURT:  It is my understanding from talking to your attorney, that you wish to enter a plea of guilty to the lesser included offense of sexual abuse in the first degree as charged in this indictment?  Is that your intention?
>
> MR. PARKER:  That is my intention.
>
> \*\*\*

---

[4] "A person commits the crime of sexual abuse in the first degree if: . . . (3) He, being 16 years old or older, subject another person to sexual contact who is less than 12 years old."  ALA.CODE § 13A-6-66(a)(3)(1975).

[5] Unless otherwise indicated, all references to exhibits are to those filed with Respondents' Answer on April 10, 1997 (Doc. 8).

9

> THE COURT: All right. Now, I understand that you wish to enter a plea of guilty at this time to the lesser included offense of sexual abuse in the first degree. Is that your intention?
>
> MR. PARKER: Yes, sir.
>
> ***
>
> THE COURT: . . . Okay, Mr. Parker, in Case Number CC-91-68 to the lesser included offense in the indictment of sexual abuse in the first degree, how do you plead?
>
> MR. PARKER: Guilty.

(Doc. 16 at 1- 3) (omissions and footnotes in original)

In his habeas petition before this Court, plaintiff's sole ground was whether sexual abuse, first degree, was a lesser included offense of rape, first degree. (*Id.* at 7) The Court found that it was and, therefore, no jurisdictional defect existed at the time plaintiff was convicted and sentenced. (*Id.* at 8)

Considering that plaintiff was initially indicted for rape, first degree, it is critical that plaintiff shows how the information is false.[6] And it is within plaintiff's control to show how the information is false. Moreover, in Alabama, behavior that is regarded as rape may support a conviction for sexual abuse, first degree. *Lett v. State,* 663 So.2d 1022, 1024 (Ala. Crim. App. 1994) (a criminal defendant pled guilty to sexual abuse, first degree, and received a twenty-year sentence in order to avoid being found guilty of rape,

---

[6]The Court posits that this could be done with the newspaper article or a portion of a transcript. Other inmates have produced relevant newspaper articles in their actions.

first degree, and receiving a sentence of life without parole as habitual offender); *Swain v. State,* 629 So.2d 699, 701 (Ala. 1993) (reversing the Alabama Court of Criminal Appeals for reversing the trial court's conviction of rape, first degree, and for finding that the evidence only supported sexual abuse, first degree). Therefore, an argument that plaintiff may have intended to make, but which he did not make, that it is error to say that he raped a nine-year-old girl (even though the underlying facts support this), because his guilty plea was to the criminal offense of sexual abuse, not rape, would be without legal merit.

"[P]risoners cannot make a conclusory allegation regarding the use of false information as the basis of a due process claim." *Jones v. Ray,* 279 F.3d 944, 946 (11th Cir. 2001) (finding that the conclusory allegation that the parole board relied on false information in denying parole did not state a claim upon which relief can be granted). Moreover, plaintiff, who is still incarcerated, has not shown that there has been reliance on the allegedly false information to cause him an injury. *Wilson v. Williams,* 2006 WL 2709845, at *3 (M.D. Ala. Sept. 20, 2006). It is doubtful that plaintiff can show an injury because the Court observes that plaintiff would nonetheless be listed on the Registry of Criminal Sex Offenders for his sexual abuse conviction. In the absence of a physical injury, plaintiff would not be able to recover for a mental or emotional injury. 42 U.S.C. § 1997e(e); *see Hunter, supra,* 2006 WL 1982937. Accordingly, plaintiff has failed to state a claim upon which relief can be granted against defendant Moore for sending in information to the state's Registry for Criminal Sex Offenders.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.[7]

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 29th day of June, 2007.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

---

[7]Plaintiff's prior actions in this Court are: *Parker v. Thompson*, CA 96-1238-RV-C (S.D. Ala. Aug. 26, 1998) (habeas), and *Parker v. Clarke County and Brunson,* CA 98-0568-RV-M (S.D. Ala. May 17, 2000) (§ 1983).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.     *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

13